IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2190-FL

| | |
|---|---|
| ROBERT LEE HARRIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA; )<br>THE FEDERAL BUREAU OF )<br>PRISONS; AND D.R. STEPHENS, )<br>)<br>Respondents. ) | ORDER |

Petitioner filed a petition for a writ of habeas corpus, which was construed as a petition pursuant to 28 U.S.C. § 2241. The matter is before the court on the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE # 10) of respondent D.R. Stephens ("respondent"). Petitioner responded, and informed the court that he seeks relief pursuant to both § 2241 and pursuant to a writ of error coram nobis under 28 U.S.C. § 1651(a). In this posture, the matter is ripe for adjudication. For the following reasons, the court dismisses petitioner's § 2241 petition, and transfers petitioner's petition for a writ of error coram nobis to his sentencing court.

## STATEMENT OF THE CASE

On June 6, 1996, petitioner was indicted for committing armed bank robbery in violation of 18 U.S.C. § 2113(d) and (2), as well as using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and (2). See United States v. Harris, 4:96-CR-35-F3 (E.D.N.C. June 6, 1996). Petitioner's co-defendants subsequently pleaded guilty. Petitioner

proceeded to a jury trial and, on October 30, 1996, the jury returned guilty verdicts on all counts. Id. On January 21, 1997, petitioner was sentenced on count one to two hundred sixty-two (262) months imprisonment and to a consecutive sixty (60) month term of imprisonment for count two. Id. Petitioner filed a notice of appeal. On August 7, 1997, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Harris, 120 F.3d 263 (4th Cir. 1997).

On December 16, 1998, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied on December 29, 1998. Petitioner subsequently filed a motion to reconsider. The motion was granted, and petitioner's § 2255 petition was reinstated on March 12, 1999. The government then filed a motion to dismiss, which was fully briefed. On November 13, 2000, the sentencing judge granted the government's motion to dismiss and denied petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals then dismissed petitioner's appeal. On November 18, 2002, the Fourth Circuit denied petitioner's motion seeking authorization to file a successive § 2255 motion.

On October 3, 2011, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241. Petitioner alleges that the prosecutor improperly pressured co-defendants Joseph Devon Barrett ("Barrett") and Mark Allen Jenkins ("Jenkins") into testifying against him at trial. On February 13, 2012, respondent filed a motion to dismiss arguing that petitioner's claim is without merit. The matter is fully briefed.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

2

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 663, and Twombly, 550 U.S. at 557).

B. Analysis

1. 28 U.S.C. § 2241

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate

3

or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Petitioner is unable to meet the second prong of the Jones test because the substantive law has not changed so that his conduct no longer is criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner has previously filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Here, petitioner seeks relief due to "newly discovered evidence" in the form of affidavits from his co-defendants exonerating him of any criminal violation. Under these circumstances, § 2255 mandates that a petitioner seek leave to file a second § 2255 petition from the court of appeals, not the district court. Petitioner has not sought permission to bring the instant claim

pursuant to § 2255(h) at the Fourth Circuit Court of Appeals,[1] and has failed to satisfy the § 2255 gatekeeping provision. Thus, to the extent petitioner's filing is construed as a petition pursuant to § 2241, the petition is DISMISSED.

2. Petition for Writ of Error Coram Nobis

Petitioner also seeks relief pursuant to a writ of error coram nobis under to 28 U.S.C. § 1651(a). The United States Supreme Court has recognized that the writ of error coram nobis is available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. § 1651(a). See United States v. Morgan, 346 U.S. 502, 511-12 (1954). That said, a writ of error coram nobis must be brought in the same court that convicted and sentenced the defendant. See United States v. Hayman, 342 U.S. 205, 274 n. 36 (1952); see United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002). This court was not the court in which petitioner was convicted or sentenced. Accordingly, the Clerk of Court is DIRECTED to transfer petitioner's petition for a writ of error coram nobis to his sentencing court, United States v. Harris, No. 4:96-CR-35-F (E.D.N.C.).

## CONCLUSION

For the foregoing reasons, to the extent petitioner's filing is construed as a § 2241 petition, respondent's motion to dismiss (DE # 10) is GRANTED, and petitioner's § 2241 petition is DISMISSED without prejudice. The Clerk of Court is DIRECTED to transfer petitioner's petition for a writ of error coram nobis to his sentencing court, United States v. Harris, No. 4:96-CR-35-F

---

[1] The record reflects that petitioner did previously file a motion in the Fourth Circuit Court of Appeals seeking authorization to file a successive § 2255 on November 18, 2002. Petitioner, however, could not have raised his current claim in that motion because he contends that he did not discover it until his co-defendants executed affidavits in 2008 and 2009. Thus, petitioner has not sought authorization from the Fourth Circuit pursuant to § 2255 to bring the instant claim.

5

(E.D.N.C.). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 21st day of August, 2012.

                                        _____
                                        LOUISE W. FLANAGAN
                                        United States District Judge